ESTATE OF MARY AYLWARD, ELIZABETH AYLWARD, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9270. Promulgated January 3, 1928.

*Louis F. Dahling, Esq.*, for the petitioner.
*R. E. Copes, Esq.*, for the respondent.

## OPINION.

Morris: The petitioner's counsel has expressly withdrawn the second issue herein, leaving for our consideration the sole question of whether the respondent correctly disallowed as a deduction the sum of $75,375 received by the decedent from the estate of Mary E. Aylward in determining the amount of the net estate under section 403 of the Revenue Act of 1921. The pertinent provisions of the Revenue Act of 1921 are as follows:

Sec. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\*          \*          \*          \*          \*          \*          \*

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received: *Provided*, That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case of the estates of all decedents who have died since September 8, 1916.

It will be seen, therefore, that there may be deducted in arriving at the amount of the net estate the value of any property forming a part of the gross estate of any person who died within five years prior to the death of the decedent, where the property can be identified as having been received from such prior decedent by gift, bequest, devise or inheritance. However, that deduction is only allowable where an estate tax under this or any prior act of Congress was paid by or on behalf of the estate of such " prior decedent."

The property here in question was originally taxed to the Estate of Richard L. Aylward presumably as a gift in contemplation of death. Upon the death of Mary E. Aylward (the person under whom the decedent herein took), the amount of the property was held to be

deductible under the provisions of section 403 *supra*, and therefore no tax was paid by the estate of Mary E. Aylward.

In the *Appeal of John Parrott, Jr.*, 7 B. T. A. 134, John Parrott died in January, 1918, leaving as a part of his gross estate certain personal property valued at $120,267.54, which passed in the first instance to his administrators and thence to his son, Edmund A. Parrott. Edmund was killed in action in the military service of the United States in September, 1918, leaving no will. Under the laws of California the entire property of Edmund passed to Mary Emilie Parrott, Edmund's mother, as an inheritance. The estate of John Parrott duly paid the Federal estate tax on the sum of $120,267.54. The estate of Edmund A. Parrott was exempted from estate tax by reason of the fact that he was killed in action while in the service of the United States. The petitioners in that case contended that they should be allowed to deduct the sum of $120,267.54 because the deaths of John Parrott and Mary Parrott were within five years of one another; that the estate of John Parrott paid the tax, and the property on which same was paid passed to Edmund A. Parrott by will of John Parrott. The Board in considering that case said, "We think under the 1921 Act it was intended to let only one transfer of an estate escape the tax and that was the estate of the 'prior decedent' when included in the decedent's gross estate and on which the tax had been previously paid and the estate or property was acquired by the decedent from the prior decedent by gift, bequest, device, or inheritance." The Board held in that case that no tax having been paid on the sum in controversy by the estate of the "prior decedent" it was not a deductible item under the provisions of 403 (a) (2).

No tax having been paid on the property here in question by the estate of the prior decedent (estate of Mary E. Aylward), the deduction claimed is not allowable under section 403 (a) (2).

*Judgment will be entered for the respondent.*

Considered by TRAMMELL, MURDOCK, and SIEFKIN.